UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIRST AMERICAN MORTGAGE TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-14-1142 |
| | § | |
| ROBERT ALANIZ, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER

Pending before the court is plaintiff's motion to remand. Dkt. 11. Defendants have not filed a response to this motion, and therefore, it will be deemed unopposed under Local Rule 7.4. S.D. TEX. L.R. 7.4. After reviewing the notice of removal and motion for remand, and consistent with defendants' lack of opposition to the motion, the court concludes that removal was improper in this case.

This forcible detainer action was filed by First American Mortgage Trust against Robert Alaniz and Lisa Alaniz in state court on April 2, 2014. Dkt. 1, Ex. A at C. Defendants removed the action to federal court on April 25, 2014. Dkt. 1. Plaintiff timely moved for remand. Dkt. 11. Under 28 U.S.C. § 1441(a), any civil action brought in state court over which the federal courts have subject matter jurisdiction may be removed by a defendant to federal court. However, when, as in this case, subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332, a defendant may not remove a civil action from state court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The removing party bears the burden of showing that federal jurisdiction

1

exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine whether jurisdiction is present for removal, the court considers the claims in the original petition as they existed at the time of removal. *Id.* Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In this case, the original petition establishes, and defendants concede in the notice of removal, that they are citizens of the State of Texas. Dkt. 1 & Ex. A at C. Because defendants are citizens of same State in which this action was brought, the removal in this case was improper under 28 U.S.C. § 1441(b)(2). Because removal was improper, the case is hereby REMANDED to the Justice Court, Harris County, Texas, Precinct 8 Place 1 for further proceedings.

It is so ORDERED.

Signed at Houston, Texas on July 1, 2014.

_____
Gray H. Miller
United States District Judge